UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Keven Saunders, Tony Moy, Eric Orman,            Civil No. 05-1437 (DWF/SRN)
Michael Barylski, and Grant Moellering,
individually and on behalf of others
similarly situated,

                Plaintiffs,

v.                                                       **MEMORANDUM**
                                                      **OPINION AND ORDER**

Ace Mortgage Funding, Incorporated, and
Richard M. Hall,

                Defendants.

---

Michele R. Fisher, Esq., Paul J. Lukas, Esq., Donald H. Nichols, Esq., and Rachhana T. Srey, Esq., Nichols Kaster & Anderson PLLP; and Marguerite M. Longoria, Esq., and Sam J. Smith, Esq., Burr & Smith, LLP, counsel for Plaintiffs.

R. Anthony Prather, Esq., and Shannon M. Shaw, Esq., Barnes & Thornburg, LLP; and Robert R. Reinhart, Esq., Dorsey & Whitney, LLP, counsel for Defendants.

---

## Introduction

The above-entitled matter came before the undersigned United States District Court Judge on October 17, 2005, pursuant to a Motion for Conditional Certification and Judicial Notice and Equitable Tolling brought by Plaintiffs Keven Saunders, Tony Moy, Eric Orman, Michael Barylski, and Grant Moellering, individually and on behalf of others similarly situated, (collectively, "Plaintiffs"), and a Motion to Transfer brought by Defendants Ace Mortgage Funding, Inc., and Richard M. Hall (collectively, "Defendants"). In their Complaint (the "Complaint"), Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

In an Order dated October 31, 2005, the Court denied Defendants' Motion to Transfer and granted in part and denied in part, Plaintiffs' Motion for Conditional Certification and Judicial Notice and Equitable Tolling.  This memorandum opinion and order follows.

**Background**

Defendant Ace Mortgage Funding, Inc. ("AMF"), is an Indiana corporation with its headquarters and principal place of business in Indianapolis, Indiana.  (Affidavit of Erik Bigelow in Support of Defendants' Motion to Transfer ("Bigelow Aff.") at ¶ 5.)  Defendant Richard M. Hall was an officer, owner, and operator of AMF during the applicable statute of limitations.  (Complaint at ¶ 3.)  Plaintiffs Keven Saunders and Tony Moy are residents of Minnesota and worked as loan officers in AMF's Eden Prairie, Minnesota office during the applicable statute of limitations.  (*Id.* at ¶¶ 4-5.)  Plaintiff Eric Orman is a resident of Indiana and worked as a loan officer in AMF's Evansville, Indiana branch office during the applicable statute of limitations.  (*Id.* at ¶ 6.)  Plaintiffs Michael Barylski and Grant Moellering are residents of Missouri and worked as loan officers in AMF's St. Louis, Missouri branch office during the applicable statute of limitations.  (*Id.* at ¶¶ 7-8.)

Each named plaintiff entered into an "Employment Contract" with AMF.  (Bigelow Aff. at ¶ 3.)  The employment contracts contained a forum-selection clause that provides:

> This Contract shall be governed by the laws of the State of Indiana.  Employee agrees to and hereby does submit to jurisdiction before any State or federal court of record in Marion County, Indiana or in the state and county in which such violation may occur, at AMF's election, for that purpose, and Employee hereby waives any right to raise the questions of jurisdiction and venue in any action that AMF may bring to any such court against Employee.

(Bigelow Aff. at Ex.  A ¶ 8(b).)

On July 20, 2005, the day after service of the lawsuit, Defendant Hall and AMF's general counsel, Erik D. Bigelow, sent a memorandum to all AMF employees regarding the lawsuit. (Affidavit of Paul J. Lukas in Support of Plaintiffs' Motion for Conditional Certification and Judicial Notice and Equitable Tolling ("Lukas Aff.") at Ex. B.) The memorandum stated that its purpose was to inform all AMF employees of a lawsuit that was filed against AMF in which plaintiffs alleged that AMF violated provisions of the FLSA. (*Id.*) AMF denied any violation of the FLSA in the memorandum. (*Id.*) AMF also encouraged employees to contact AMF senior management if employees believed they had received incorrect wages. (*Id.*) Further, the memorandum encouraged employees to discuss concerns with independent outside counsel prior to consenting to participate in the lawsuit. (*Id.*) Finally, the memorandum warned employees not to allow the lawsuit to "be a distraction" to work efforts and that "[l]awsuits often take years to resolve." (*Id.*)

Defendant Hall also sent an email message on July 20, 2005, in which he stated that AMF believed that the lawsuit was started to "cause disruption." (*Id.*) Hall warned employees that "people will attempt to disrupt our success by trying to bring us into negative situations" and urged employees not to "lose focus." (*Id.*) In addition to the email message and memorandum, AMF also held meetings at its branch offices regarding the lawsuit. (Lukas Aff. at Ex. 15.) Managers from the Minneapolis branch referred to the lawsuit as "bogus" at one such meeting and described the plaintiffs as employees "trying to take us down." (*Id.* at Declarations of Dan Miller and Brian Potratz.)

In his affidavit, Hall contends that none of his communication with AMF employees regarding the lawsuit was intended to intimidate or discourage employees from participating in the lawsuit. (Affidavit of Richard Hall in Support of Defendants' Response to Plaintiffs' Motion for Conditional

3

Certification and Judicial Notice and Equitable Tolling ("Hall Aff.") at ¶ 4.) Rather, Hall contends that the purpose of his communication was to "maintain company morale." (*Id.*)

## Discussion

**I.  Motion to Transfer**

Plaintiffs contend that pursuant to 28 U.S.C. § 1404(a), this Court should transfer the case to the United States District Court for the Southern District of Indiana. Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."
Generally, transfer under section 1404(a) "should not be freely granted." *In re Nine Mile Ltd.*, 692 F.2d 56, 61 (8th Cir. 1982), *overruled on other grounds*, *Missouri Housing Development Com'n v. Brice*, 919 F.2d 1306, (8th Cir. 1990). The party seeking transfer bears the burden of proof to show that the balance of factors "strongly" favors the movant. *United Mortg. Corp. v. Plaza Mortg. Corp.*, 853 F. Supp. 311, 315 (D. Minn. 1994). The court considers the convenience of the parties and witnesses and the interests of justice in determining whether to transfer a lawsuit pursuant to section 1404(a). In considering these factors, the court must look to the particular circumstances of the case before it. *Terra Intern., Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).

**A.  Forum-selection clause**

The Court first turns to the presence or absence of a forum selection clause in the parties' written agreement. While the presence of a forum selection clause is not dispositive, it is "a significant factor that figures centrally in the District Court's calculus." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Here, Plaintiffs' Motion to Transfer is predicated on the existence of the

forum selection clause contained in the employment agreement contracts between AMF and Plaintiffs.

Neither party challenges the validity of the forum selection clause. Instead, the parties dispute, as a threshold matter, whether it applies to this dispute. Plaintiffs assert that (1) the forum-selection clause does not apply to claims filed against AMF by its employees, and (2) alternatively, the clause does not apply to Plaintiffs' FLSA minimum wage and overtime compensation claims because the forum-selection clause is limited to breach of contract actions. Defendants, however, assert that the clause governs any action arising under the employment contract in which employees and AMF are in opposition.

The Court finds that the forum-selection clause does not apply to this action. The clause states that "this Contract" is governed by the laws of the State of Indiana, and indicates that "the employee hereby waives any right to raise the questions of jurisdiction and venue in any action that AMF may bring to any such court against Employee." This language limits the forum-selection clause to breach of contract actions brought by AMF against its loan officers. The clause does not cover actions that the loan officers commence against AMF. The Court finds no merit to Defendants' assertion that the plain meaning of "against Employee" embraces any lawsuit in which AMF and the employee are adversary parties. Furthermore, the Court notes that the forum-selection clause does not cover Plaintiffs' FLSA claims. The Plaintiffs' FLSA claims do not depend on the existence of the employment contract, nor does the resolution of Plaintiffs' FLSA claims relate to the interpretation of the employment contract. Thus, the Court finds that the forum-selection clause is inapplicable to this dispute.

**B.     Convenience of Parties**

A presumption in favor of plaintiff's choice of forum exists. *Christensen Hatch Farms, Inc. v.*

*Peavey Co.*, 505 F. Supp. 903, 911 (D. Minn. 1981).  Section 1404(a) provides for transfer to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient, and a transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer."  *Graff v. Qwest Communications Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)).

Defendants assert that it would be more convenient for a majority of plaintiffs to litigate in Indiana because 19 of the 65 potential total plaintiffs are from Minnesota, whereas 28 are from Indiana.  (*See* Bigelow Aff., Ex. 3.)  Defendants further point out that 46 potential plaintiffs are from states other than Minnesota.  (*See id.*)  Defendants also assert that it would be more convenient for AMF to litigate the action in Indiana, where AMF has its principal place of business.  Plaintiffs, on the other hand, assert that the fact that potential plaintiffs from various states can still opt-in to the lawsuit makes no forum more convenient than the other.  Plaintiffs assert that at the time they submitted their Memorandum in Opposition to Defendants' Motion to Transfer, there were 80 potential plaintiffs, 47 of whom reside in states other than Indiana.  (*See* Memorandum in Opposition to Defendants' Motion to Transfer, Affidavit of Michele Fisher ("Fisher Aff.") at ¶ 2.)

Given the presumption in favor of Plaintiffs' choice of forum, the Court finds that this factor does not weigh in favor of transfer.  While there may be more plaintiffs that reside in Indiana than Minnesota, that number is not significant at this time.  Further, until the time period to join this case has expired, the court cannot determine the percentage of loan officers that will reside in Indiana versus any other state.  Additionally, even if Defendants had established that Indiana was a more convenient venue for AFM to litigate this case because its principal place of business is in Indiana, the Court finds that transferring

6

venue to Indiana would merely shift the convenience between the parties.

### C.      Convenience of Witnesses

The convenience of witnesses is an important factor for the Court and the parties because it determines the "relative ease of access to proof." *Nelson v. Master Lease Corp.*, 759 F. Supp. 1397, 1402 (D. Minn.1991) (quotation omitted). In considering the issue of convenience to witnesses, courts have focused on a number of factors including the number of non-party witnesses, the location of all witnesses, and the preference of courts for live testimony as opposed to depositions. *Graff*, 33 F. Supp. 2d at 1121 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)).

Defendants claim that witnesses will include loan officers' supervisors, co-workers, and family members, as well as human resources and payroll staff and corporate leaders. Defendants contend that the locations of these witnesses will mirror the distribution of the Plaintiffs' locations. Plaintiffs essentially agree with Defendants' contentions, but further assert that because Minnesota is centrally-located and accessible to the witnesses, the Court should find that Defendants have not met their burden of showing that this factor weighs in favor of transfer. The Court agrees with Plaintiffs' assertion. Because neither party has demonstrated that the quantity, location, and accessibility of witnesses or documents makes one forum more convenient that the other, this factor does not weigh in favor of or against transfer.

### D.      Interests of Justice

The Court must also evaluate what venue will best promote the interests of justice. *Graff*, 33 F. Supp. 2d at 1122. A number of relevant considerations include relative familiarity with the law to be applied, the relative ability of the parties to bear the expenses of litigating in a distant forum, judicial economy, and the plaintiff's choice of forum. *Id.*

The Court finds that Defendants have failed to establish that the interests of justice favor transfer. Defendants primarily rely on the assertion that the forum-selection clause controls the outcome of the interests of justice factor. Defendants have not demonstrated that costs of litigating will be lowered or that judicial economy will result by transferring the case to Indiana. Thus, the interests of justice considerations do not weigh in favor of transfer.

**II.     Judicial Notice**

The parties agree that the Court should conditionally certify this case as a collective action and that the Court should authorize Judicial Notice to be sent to similarly-situated loan officers employed by AMF within the three-year statute of limitations. At the hearing on this matter, Defendants agreed to produce a list of all loan officers and their addresses who were employed by AMF within the three-year statute of limitations. The parties disagree, however, over the content of the Judicial Notice with respect to two issues. (*See* Plaintiffs' Reply Memorandum in Support of its Motion for Conditional Certification and Judicial Notice and Equitable Tolling at 6.) The Court has discretion to facilitate notice to potential class members by authorizing judicial notice of a collective action. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

First, Plaintiffs maintain that the Judicial Notice should include corrective notice language cautioning potential plaintiffs to disregard previous communications from Defendants. Plaintiffs propose that the "Purpose of Notification" paragraph contain the following corrective language:

> Please disregard any previous communications you may have received from Ace describing this lawsuit or your rights with respect to it. The Court has determined that these communications were potentially misleading and has authorized the mailing of this Notice. You may rely upon this Notice as an accurate and fair description of the lawsuit and your rights.

(*See* Plaintiffs' Proposed Judicial Notice ("Plaintiffs' Proposed Judicial Notice") (submitted at oral argument) at 2.)  Additionally, Plaintiffs propose that the Judicial Notice include another paragraph entitled "Previous Communications From Ace" that states:

> The Court is aware of recent communications sent by Ace to its current loan officers. All such communications should be disregarded in favor of this Notice.  You are not required to discuss this lawsuit, or the facts and circumstances surrounding it, with Ace or its officers.  Even if you already signed an agreement with Ace to waive your overtime claim or accept overtime pay allegedly due you, you are still entitled to join this action.  Further, the law prohibits retaliation against employees for exercising their rights under the FLSA.  Ace is prohibited from taking any adverse action against you because you cho[o]se to participate in this action.

(Plaintiffs' Proposed Judicial Notice at 4–5.)

Defendants oppose Plaintiffs' proposed corrective language in the "Purpose of Notification" paragraph.  Additionally, Defendants oppose the inclusion of Plaintiffs' proposed "Previous Communications From Ace" paragraph.  Instead, Defendants propose that the Judicial Notice contain a paragraph entitled, "No Retaliation Permitted," which states, "The Law prohibits retaliation against employees for exercising their rights under the Fair Labor Standards Act.  You will not be discharged or retaliated against if you choose to participate, or not to participate, in this action."  (Defendants' Response to Plaintiffs' Motion for Conditional Certification and Judicial Notice and Equitable Tolling, Ex. A at 4.)

The Court does not find that AMF's communication with its employees regarding the lawsuit intimidated or discouraged employees from joining the lawsuit.  The employees could have interpreted the purpose of AMF's memorandum as being informative, in accordance with the memorandum's stated purpose.  Thus, the Court did not include Plaintiffs' proposed corrective notice language in the

9

"Purpose of Notification" paragraph. Likewise, the Court did not include Plaintiffs' proposed "Previous Communications With Ace" paragraph. The Court is concerned, however, that the memorandum encourages employees to discuss their concerns with AMF management and independent outside counsel. Accordingly, the Court has adopted the following language in a paragraph entitled, "No Retaliation Permitted":

> The law prohibits retaliation against employees for exercising their rights under the Fair labor Standards Act. You will not be discharged or retaliated against if you choose to participate, or not participate, in this action. You may disregard any communication sent by Ace that contradicts this Notice. In particular, you are not required to discuss the facts and circumstances surrounding this lawsuit with Ace or its officers. You may rely upon this Notice as an accurate description of the lawsuit and your rights in relation to the lawsuit.

(Nov. 1, 2005 Order, Proposed Judicial Notice.)

Second, Plaintiffs maintain that the Defendants propose inaccurate information in the "Statute of Limitations" paragraph. Defendants propose the following:

> Plaintiffs' claims in this action are limited to a two- or three-year "statute of limitations." If you choose to join this action, you may be able to recover damages if the plaintiffs can establish that the loan officer position was improperly classified as "exempt" and if you were denied overtime compensation for overtime hours worked within the two or three years prior to the date you file your "Plaintiff Consent Form." Likewise, if you choose to join this action, you may be able to recover damages if the plaintiffs can establish that they were paid less than the federal minimum wage per hour for any work week within the two or three years prior to the date you file your "Plaintiff Consent Form." If you choose not to join in this action, some or all of your potential claims may later be barred by the applicable statute of limitations.

(Defendants' Response to Plaintiffs' Motion for Conditional Certification and Judicial Notice and Equitable Tolling, Ex. A at 4.)

Plaintiffs assert that Defendants' proposed language is inaccurate because it states that Plaintiffs

10

retain the burden to establish that the loan officer position was improperly classified as exempt and that the loan officers were paid less than the federal minimum wage. Instead, Plaintiffs propose the following:

> Plaintiffs' claims in this action are limited to a two or potentially three-year "statute of limitations." If you choose to join this action, you may be able to recover damages if you were improperly denied overtime or minimum wage compensation only for hours worked within two or potentially three years of the date you filed your consent form. If you choose not to join in this action, som[e] or all of your potential claims may later be barred by the applicable statute of limitations.

(*See* Plaintiffs' Proposed Judicial Notice at 4.)

The Court concludes that Defendants' proposed language is inaccurate and misleading because Defendants, not Plaintiffs, sustain the burden of proving that the loan officer position was properly classified as exempt from overtime compensation. *See McAllister v. Transamerica Occidental Life Ins. Co.*, 325 F.3d 997, 999 (8th Cir. 2003). Accordingly, the Court adopts Plaintiffs proposed language regarding the "Statute of Limitations" paragraph in the Judicial Notice.

## III.   Equitable Tolling

Plaintiffs request that the Court toll the statute of limitations as of July 20, 2005, for all loan officers who are eligible to join this lawsuit. Plaintiffs assert that the statute of limitations should be tolled as of July 20, 2005, because Defendants first allegedly intimidated loan officers from joining the lawsuit on that day. Because the Court does not find that Defendants intimidated loan officers from joining the lawsuit, the Court accordingly finds that, at this time, tolling the statute of limitations as of July 20, 2005, is not appropriate.

In accordance with the Court's October 31, 2005 order, **IT IS HEREBY ORDERED**

11

**THAT:**

1. Defendants' Motion to Transfer (Doc. No. 29) is **DENIED**;

2. Plaintiffs' Motion for Conditional Certification, Judicial Notice, and Equitable Tolling (Doc. No. 12) is **GRANTED** in part and **DENIED** in part.


Dated: November 14, 2005         s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 Judge of United States District Court