UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kevin Saunders, Tony Moy,
Eric Orman, Michael Barylski,
Grant Moellering, Kenneth
Cooper, Christopher Hancock,
Martin Cocita, Mick Verdeck,
Zachary Gray, and Greg
Gimelstein, individually and on
behalf of others similarly situated,

    Plaintiffs,

v.

Ace Mortgage Funding, Inc.,
Richard M. Hall, and Robert Gregory,

    Defendants.

Civil No. 05-1437 (DWF/SRN)

**MEMORANDUM**
**OPINION AND ORDER**

---

Michele R. Fisher, Esq., Sarah M. Fleegel, Esq., Paul J. Lukas, Esq., Donald H. Nichols, Esq., Rachhana T. Srey, Esq., Timothy C. Selander, Esq., and Charles G. Frohman, Esq., Nichols Kaster & Anderson PLLP; and Marguerite M. Longoria, Esq., and Sam J. Smith, Esq., Burr & Smith, LLP, counsel for Plaintiffs.

Kevin A. Finnerty, Esq., Peder Jens Nestingen, Esq., and Robert R. Reinhart, Esq., Dorsey & Whitney, LLP, counsel for Defendants.

---

**INTRODUCTION**

In this collective action, Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and seek overtime compensation and minimum wage payments from Defendants Ace Mortgage Funding, Inc. ("Ace"), Ace's President

Richard M. Hall, and its Vice President Robert Gregory.[1]  This matter is before the Court pursuant to Defendants' Motion for Certification of Interlocutory Appeal.  For the reasons set forth below, the Court grants the motion.

## BACKGROUND

Defendants filed the current motion in response to the Court's Order dated April 16, 2007 (the "April Order"), in which the Court granted in part and denied in part Plaintiffs' Amended Motion for Partial Summary Judgment and denied Defendants' Motion for Partial Summary Judgment.  In particular, in the April Order, the Court ruled that, as a matter of law, Ace is part of the financial industry and therefore cannot avail itself of the retail or service establishment exemption to the FLSA's overtime requirements.  Specifically, Defendants request that the Court certify the following question for interlocutory review pursuant to 28 U.S.C. § 1292(b):

> Can a mortgage broker be considered a retail or service establishment, pursuant to 29 U.S.C. § 207(i), even if it engages in a minimal amount of direct lending and is licensed to lend in some states?

---

[1]  In their First Amended Complaint, Plaintiffs also added six putative state class actions seeking minimum wage and overtime compensation pursuant to state laws.

## DISCUSSION

### I.     Certification Under 28 U.S.C. § 1292(b)

Courts of appeals have jurisdiction over "all final decisions of the district courts." 28 U.S.C. § 1291.  In addition, a district court may designate an otherwise non-final order as certified for interlocutory appeal under 28 U.S.C. § 1292(b).  That statute provides, in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).  Thus, under this provision, there are three criteria for certification: "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation."  *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) (quotation omitted).  Motions for certification should be "granted sparingly and with discrimination" due to the additional burdens that such appeals place on both the court and the litigants. *Id.* at 376.  The movant bears a heavy burden to prove that the case is "an exceptional one in which immediate appeal is warranted."  *Id.*

### A.     Controlling Question of Law

Section 1292(b) refers to legal questions that contrast with a "matter for the discretion of the trial court."  *Id.* at 377; *see also McFarlin v. Conseco Servs.*, 381 F.3d

1251, 1258 (11th Cir. 2004) (stating that under § 1292(b), a "controlling question of law" means "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine").  Defendants assert that the availability of the retail or service establishment exemption to Ace is a controlling question of law because, if the Eighth Circuit were to hold that Ace is not part of the financial industry, the parties would not have to concern themselves with the hours worked by hundreds of current or potential claimants.  In response, Plaintiffs assert that the April Order does not present a controlling question of law because even if the Eighth Circuit reversed on this issue, further proceedings would be required to determine whether Ace met the requirements of the retail or service establishment exemption.

The Court finds that the April Order involves a controlling question of law.  Specifically, in the April Order, the Court ruled that Ace is part of the financial industry as a matter of law and, therefore, cannot meet the threshold requirement that it be a retail or service establishment.  The Court addressed a legal question, as opposed to one within the Court's discretion.  Although Plaintiffs correctly argue that further proceedings would be necessary to determine whether Ace met the additional requirements of the retail or service establishment exemption, if Ace ultimately qualifies for this exemption, the litigation would be significantly streamlined.  Consequently, the parties and the Court would be spared considerable time and cost.  Accordingly, the Court finds that the first requirement for granting certification under § 1292(b) is satisfied.

B.     **Substantial Ground for Difference of Opinion**

Identification of "a sufficient number of conflicting and contradictory opinions" would provide substantial ground for difference of opinion. *Nix*, 43 F.3d at 378 (quoting *Oyster v. Johns-Manville Corp.*, 568 F. Supp. 83, 88 (E.D. Pa. 1983)). Defendants assert that there is substantial ground for difference of opinion because there is a relative dearth of authority on the applicability of the section 7(i) exemption to mortgage brokers and other intermediary employers in today's economy. Additionally, Defendants point out that the Court distinguished *Gatto v. Mortgage Specialists of Ill., Inc.*, 442 F. Supp. 2d 529 (N.D. Ill. 2006), which, according to Defendants, is the case most closely on point to this case. In response, Plaintiffs assert that there is not substantial ground for difference of opinion with the Court's April Order because, according to Plaintiffs, this Court merely followed the dictates of Congress, the Supreme Court, the Eighth Circuit, and the Department of Labor. Further, Plaintiffs contend that because *Gatto* is factually distinguishable, it cannot represent substantial ground for a difference of opinion.

The Court finds that there is substantial ground for difference of opinion on this issue. Although the Court is confident in its decision, the Court acknowledges that neither the Eighth Circuit nor another district court in the District of Minnesota has specifically addressed whether a mortgage broker who engages in a small amount of direct lending and who is licensed to lend mortgage funds falls within the "financial industry" for purposes of the retail or service establishment exemption. And although factually distinguishable, the *Gatto* decision is arguably the case most closely on point to

this action. In that case, the court held that Mortgage Specialists, a loan broker who finds and closes residential mortgage loans, was not part of the financial industry and could therefore be a retail or service establishment. *Gatto*, 442 F. Supp. 2d at 539. Therefore, the Court finds that Defendants have satisfied this requirement for certification.

      **C.**      **Materially Advance the Ultimate Termination of the Litigation**

Defendants assert that granting interlocutory appeal will materially advance the ultimate termination of the litigation because it may limit the ensuing complex and lengthy trial. Additionally, Defendants contend that an interlocutory appeal will not interfere with the timely completion of discovery. Specifically, Defendants assert that with or without such appeal, the parties nonetheless need to move forward with discovery regarding hours worked and other details involving pay administration to the claimants. In response, Plaintiffs contend that certification will not materially advance the ultimate termination of the litigation because, even if the Eighth Circuit were to reverse this Court's decision, Ace would still have to demonstrate that it qualifies for the retail or service establishment exemption.

The Court finds that granting interlocutory appeal under § 1292(b) may materially advance the ultimate termination of the litigation. If the Eighth Circuit rules in Defendants' favor and Defendants can ultimately qualify for the retail or service establishment exemption, the parties would not have to address the hours worked by hundreds of current or potential claimants, thereby reducing discovery and trial expenses. Having found that all three requirements are satisfied, the Court grants Defendants'

request for interlocutory appeal under § 1292(b).[2]

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that**:**

1. Defendants' Motion for Certification of Interlocutory Appeal (Doc. No. 263) is **GRANTED**.

2. The Court's April 16, 2007 Order (Doc. No. 260) is **AMENDED** to certify the following question under 28 U.S.C. § 1292(b):

> Can a mortgage broker be considered a retail or service establishment, pursuant to 29 U.S.C. § 207(i), even if it engages in a minimal amount of direct lending and is licensed to lend in some states?

Dated:  July 6, 2007         s/Donovan W. Frank
                             DONOVAN W. FRANK
                             Judge of United States District Court

---

[2] Additionally, Plaintiffs assert that the case is not ripe for appeal at this time because factual issues that need to be tried may extinguish the need for appellate review. Specifically, Plaintiffs contend that if they fail to establish that they worked more than forty hours per week, there will be no need for the Eighth Circuit to review this Court's decision. The Court rejects Plaintiffs' argument for the same reasons that the Court rejected this argument when Defendants made it for purposes of summary judgment.