## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

KEVEN SAUNDERS, TONY MOY,        Civil No. 05-1437 (DWF/SRN)
ERIC ORMAN, MICHAEL BARYLSKI,
GRANT MOELLERING, KENNETH
COOPER, CHRISTOPHER HANCOCK,
MARTIN COCITA, MICK VERDECK,
ZACHARY GRAY, and GREG
GIMELSTEIN, individually and on behalf
of others similarly situated,       **ORDER APPROVING THE PARTIES'**
      **JOINT MOTION FOR FINAL APPROVAL**
      Plaintiffs,     **OF THE PARTIES' COLLECTIVE AND CLASS**
      **ACTION SETTLEMENT AND CLASS**
ACE MORTGAGE FUNDING, INC.,   **COUNSELS' REQUESTS FOR ATTORNEY**
RICHARD M. HALL and ROBERT     **FEES, COSTS AND EXPENSES**
GREGORY,

      Defendants.

---

Donald H. Nichols, Esq., Michele R. Fisher, Esq., Paul J. Lukas, Esq., Rachhana T. Srey, Esq., Sarah M. Fleegel, Esq., Charles G. Frohman, Esq., and Timothy C. Selander, Esq., Nichols Kaster & Anderson, PLLP; and Marguerite M. Longoria, Esq., and Sam J. Smith, Esq., Burr & Smith, LLP, counsel for Plaintiffs.

Kevin A. Finnerty, Esq., Peder Nestingen, Esq, and Robert R. Reinhart, Esq., Dorsey & Whitney LLP, counsel for Defendants.

---

On April 18, 2008, this matter came before the Court for hearing on the

application of the parties for final approval of the parties' Stipulation of Settlement (the

Stipulation) filed as Doc. No. 446. The parties have moved the Court to enter a Final

Approval Order: (1) approving the Settlement; (2) approving Class Counsel's request for

attorney fees, expenses and costs; and (3) certifying the proposed settlement classes.

After a full and fair review of parties' motion and memorandum in support thereof; the

declaration of Charles G. Frohman filed in support of the motion; the proposed

Stipulation; the content and method of class notice; and all papers filed and proceedings

herein and otherwise being fully informed and good cause appearing therefore, **IT IS**

**HEREBY ORDERED** that:

### FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

1.      The Court finds that the Stipulation is fair, adequate, and reasonable and

was the product of non-collusive, arm's length bargaining among experienced counsel.

The Court grants final approval of the Stipulation, with the following revision as agreed

to by the parties: the proposed cy pres beneficiary shall be changed from the National

Employment Lawyers Association to Southern Minnesota Regional Legal Services.

2.      This Order incorporates by reference the definitions in the Stipulation, and

all terms used herein shall have the same meanings set forth in the Stipulation.  In the

event that the Stipulation shall not become final, the terms of the Stipulation that relate to

terminating the Stipulation shall be enforced, but the remaining terms of the Stipulation

shall have no effect and the parties shall be returned to the position they were in prior to

entering into the Stipulation.

3.      The Court finds that the Gross Settlement Amount of $4,000,000 is a fair

and reasonable settlement of the claims asserted by named Plaintiffs on behalf of

proposed class members; the petition of attorney fees of $1,320,000 which represents

33% of the Gross Settlement Amount is reasonable in light of the extensive time and

efforts employed by Class Counsel, the results obtained, and the elevated risk of

non-payment they incurred due to the complex nature of the issues litigated here and financial risk facing Defendants; the amount sought for litigation expenses and costs equal to $136,500.00 is reasonable; the service payments provided in the Stipulation adequately compensate Representative Plaintiffs for their time, effort, and risk in prosecuting these actions and for resolving their claims in this case; and the amount to be paid to Plaintiff Eric Orman for release of all claims including his alleged retaliation claim is also approved.

## CERTIFYING SETTLEMENT CLASSES

4.      Pursuant to Section 216(b) of the FLSA, the Court certifies the following FLSA Classes as a collective action for settlement purposes only:

a.      "The FLSA Opt-In Class" consists of all individuals who filed consent to join forms in *Saunders* or *Thorpe* on or before December 6, 2007 and who did not withdraw their consent to join forms by the Settlement Date.

b.      "The FLSA Settlement Class" consists of all members of the FLSA Opt-In Class who were employed as loan officers or loan processors by any of Settling Defendants within three years of the date of filing of their consent to join forms and who did not timely withdraw their Consent forms in this case prior to the deadline for objecting to this settlement.

c.      "The FLSA Non-Settlement Class" consists of all individuals who filed consent to join forms in *Saunders* or *Thorpe* who withdrew their consents by the Settlement Date, who were not employed by any of Settling Defendants as loan officers or loan processors within three years of the date of filing of their

3

consent to join forms, or who timely withdrew their Consent forms in this case prior to the deadline for objecting to this settlement.

5.     The Court approves the settlement of the FLSA Classes pursuant to Section 216(b) of the FLSA.  *See, e.g.*, *Lynn's Food Stores, Inc. v. United States of America*, 679 F.2d 1350 (11th Cir. 1982).

6.     Pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), the Court certifies the following classes for settlement purposes only:

a.     "The Florida Class" consists of all individuals identified on Exhibit 1 of the Stipulation who were provided with a Rule 23 opt out notice regarding this case by Class Counsel in February or March 2007, who did not opt out of this case and who did not file a consent to join the case on or before December 7, 2007.

b.     "The Colorado Settlement Class" consists of all individuals identified on Exhibit 2 of the Stipulation who were provided with a Rule 23 opt out notice regarding this case by Class Counsel in February or March 2007, who did not opt out of this case, and who worked as loan officers for any of the Settling Defendants in the State of Colorado on or after July 18, 2002.

c.     "The Georgia Settlement Class" consists of all individuals identified on Exhibit 3 of the Stipulation who were provided with a Rule 23 opt out notice regarding this case by Class Counsel in February or March 2007, who did not opt out of this case, and who worked as loan officers for any of the Settling Defendants in the State of Georgia on or after July 18, 2002.

d.      "The Minnesota Settlement Class" consists of all individuals identified on Exhibit 4 of the Stipulation who were provided with a Rule 23 notice regarding this case by Class Counsel in February or March 2007, who did not opt out of this case, and who worked as loan officers for any of the Settling Defendants in the State of Minnesota on or after July 18, 2002.

e.      "The Nevada Settlement Class" consists of all individuals identified on Exhibit 5 of the Stipulation who were provided with a Rule 23 notice regarding this case by Class Counsel in February or March 2007, who did not opt out of this case, and who worked as loan officers for any of the Settling Defendants in the State of Nevada on or after July 18, 2003.

f.      "The Ohio Settlement Class" consists of all individuals identified on Exhibit 6 of the Stipulation who were provided with a Rule 23 opt out notice regarding this case by Class Counsel in February or March 2007, who did not opt out of this case, and who worked as loan officers for any of the Settling Defendants in the State of Ohio on or after July 18, 2003.

7.      The Court finds that for Settlement Purposes Only the State Settlement Classes are proper under Fed. R. Civ. P. 23(a) and 23(b)(3).  The Settlement Classes satisfy the requirements of Fed. R. Civ. P. 23(a) in that joinder is impractical due to numerosity; the class members have commonality in that they share common legal and/or factual questions at issue in this case; the claims of the named representatives are typical of the claims of the proposed class members because their claims arise from the same alleged factual events and legal theories; and the named plaintiffs and Class Counsel will

fairly and adequately represent and protect the interests of the proposed class members. The Settlement Classes also satisfy the requirements of Fed. R. Civ. P. 23(b)(3) because common questions of law affecting proposed class members predominate over questions that may affect individual members, and class action is superior to any other available method for the fair and efficient settlement of this controversy.

## DISMISSAL OF THE CLAIMS OF MEMBERS OF THE FLORIDA CLASS

8.      Pursuant to the Stipulation, the claims of members of the Florida Class are **DISMISSED WITHOUT PREJUDICE**.

## DISMISSAL OF ALL CLAIMS FROM THE THORPE AND SAUNDERS CASES

9.      Pursuant to the Stipulation, all remaining claims in the above captioned case, including the claims incorporated into this case from *Foster Seth Thorpe III, et al. v. Ace Mortgage Funding, LLC, et al.*, Case No. 8:06-cv-2244-T-27MSS (M.D. Fla., filed Dec. 6, 2006), are **DISMISSED WITH PREJUDICE**.


Dated:  May 20, 2008                    s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        Judge of United States District Court